NO. 07-07-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2009
______________________________

CARL WAYNE HORNE, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,538-E; HON. RICHARD DAMBOLD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.
          Carl Wayne Horne was convicted of two counts of engaging in organized criminal
activity, that is, he was engaged with others in the sale of controlled substances or
methamphetamine. He contends those convictions should be reversed because 1) the
evidence is factually insufficient to sustain the convictions, 2) there is insufficient
independent evidence to corroborate the testimony of the accomplice witnesses, and 3)
he received ineffective assistance of counsel. We disagree and affirm the convictions. 
          Issue 2 - Accomplice Witness Testimony
          We address issue two first. Therein, appellant argues that there was insufficient
evidence to corroborate the testimony of the accomplice witnesses. We overrule the issue.
          A conviction cannot be based upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the accused with the offense
committed. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). Appellant argues that
only the testimony of Ann Marie Adkins linked him to the agreement to sell drugs and that
there is no other evidence to corroborate her comments. Yet, a taped conversation
admitted into evidence belies that. In the taped phone conversation he is heard explaining
to someone else his involvement. That is, he informed the listener that 1) he wanted to
“get out” for the last two months but that there was “always somebody else,” 2) “people
owed [him] so much damn money,” and 3) he was not addicted but “caught up in the
money of it.”


 These admissions were enough to connect the accused to the crime. 
          Issue 1 - Sufficiency of the Evidence
          In this issue, appellant challenges the factual sufficiency of the evidence. We
overrule the point. 
          To obtain a conviction for engaging in organized crime, the State had to prove that
the accused 1) with intent to establish, maintain, or participate in a combination or in the
profits of a combination, 2) committed or conspired to commit one or more predicate
offenses. Tex. Pen. Code Ann. §71.02(a) (Vernon Supp. 2008). The word “combination”
is defined as 
three or more persons who collaborate in carrying on criminal activities
although . . . 1) [the] participants may not know each other’s identity; 2)
membership in the combination may change from time to time; and 3) [the]
participants may stand in a wholesaler-retailer or other arm’s-length
relationship in illicit distribution operations.

Id. §71.01(a) (1), (2), & (3) (Vernon 2003). This definition has been interpreted to obligate
the State to prove not only that the accused intended to establish, maintain, or participate
in a group of three or more but also that the members of the group intended to work
together in a continuing course of criminal activities. Dowdle v. State, 11 S.W.3d 233, 236
(Tex. Crim. App. 2000). Furthermore, “conspiring to commit” means that a person agrees
with one or more persons that they or one or more of them engage in conduct that
constitutes the offense and that person or one or more of them performs an overt act in
pursuance of the agreement. Tex. Pen. Code Ann. §71.01(b) (Vernon 2003). Such an
agreement may be inferred from the acts of the parties. Id. 
          Here, the persons other than appellant named in the combination were Anthony
Drager (Drager), Darlene Shepic (Shepic), Bobby Russell (Russell), Crystal Drager
(Crystal), and Ann Marie Adkins (Adkins). Appellant concedes that there was
overwhelming evidence that Drager was involved in the sale and trafficking of drugs, but
claims there was no evidence that he was involved in Drager’s business or criminal activity.
          Admittedly, the credibility of the persons alleged to have been involved in the
conspiracy as well as other persons who bought drugs from Drager was in dispute. 
However, there was evidence that 1) Kristopher Compton saw appellant at Drager’s
several times and inferred appellant was either buying or selling methamphetamine from
negotiations that he overheard, 2) Compton also saw appellant pick up a bag of what he
believed to be a couple of grams of methamphetamine from Drager’s kitchen table, 3) Lisa
Bailey heard Drager discuss appellant in reference to getting money to pay appellant and
she believed that to be for drugs, 4) Jason Roberts testified that Drager made reference
to having to meet up with “Carl” (appellant’s first name) to get his supply of
methamphetamine, 5) Shepic, Drager’s sister, testified that appellant used to sell
methamphetamine to her brother and then later her brother sold methamphetamine to
appellant, 6) Shepic would overhear appellant and Drager talking about as much as a
quarter ounce up to a quarter pound of methamphetamine and she stated there was an
agreement between them to distribute methamphetamine, 7) Crystal gave a statement in
which she said that appellant would get an ounce of “ice” every couple of days from
Drager, 8) Adkins testified that appellant sold drugs with Drager, would get drugs everyday
from Drager, and delivered drugs to Dalhart and other places, 9) Adkins testified that drug
transactions involving her, Shepic, Russell, and appellant all benefitted Drager because
the money flowed up, and 10) Agent Bill Redden testified that he listened to telephone calls
made by Drager in jail, and he stated that Drager said that the police were trying to shut
him and Carl down and Drager gave instructions for Carl to collect debts. Nor can we
forget appellant’s own admissions cited in issue one above; he was “caught up in the
money of it” and many people owed him money.
          Any conflicts in the testimony regarding appellant’s guilt were for the jury to resolve. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jurors were free to
believe the foregoing evidence which, in turn, was enough to insulate the verdict from any
attack founded upon the factual sufficiency of the evidence. Simply put, the verdict was
neither founded on weak evidence nor evidence overwhelmed by exculpatory testimony. 
Thus, it was not manifestly unjust.
          Issue 3 - Ineffective Assistance of Counsel
          Finally, appellant claims his counsel was ineffective in failing to object to the
indictment. We overrule the issue.
          To prevail on such a claim, appellant had the burden to prove not only that his
counsel’s performance was deficient but that he was prejudiced by that deficient
performance. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Both
prongs of the test must be firmly founded in the record. Id. at 813. 
          In the first count of the indictment, the predicate offense was possession with intent
to deliver methamphetamine. Appellant argues that the indictment should have alleged
that appellant committed or conspired to commit unlawful possession of a controlled
substance “through forgery, fraud, misrepresentation, or deception.” See Tex. Pen. Code
Ann. §71.02(a)(5) (Vernon Supp. 2008) (stating that a person commits an offense if, with
the intent to establish, maintain, or participate in a combination or in the profits of a
combination, he commits or conspires to commit unlawful manufacture, delivery,
dispensation, or distribution of a controlled substance or dangerous drug, or unlawful
possession of a controlled substance or dangerous drug through forgery, fraud,
misrepresentation, or deception). Because it did not, according to appellant, the indictment
did not allege an offense under the statute and appellant’s counsel should have objected. 
  
          The argument that the indictment should have included the missing passage was
rejected in Utsey v. State, 921 S.W.2d 451, 457 (Tex. App.–Texarkana 1996, pet. ref’d). 
The argument having been rejected, trial counsel was not obligated to tilt at windmills by
including it in a motion to dismiss to be effective. 
          Having overruled all of appellant’s issues, we affirm the judgment. 
 
                                                                           Brian Quinn
                                                                          Chief Justice



Do not publish.